Clinton L. Tapper, OSB 084883
R. Scott Taylor, OSB No. 74324
Taylor & Tapper
400 E 2nd, Suite 103
Eugene, OR 97401
Ph: 541-485-1511 / fax: 541-246-2424
Scott@taylortapper.com
Clinton@taylortapper.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDELTON DIVISION

| | |
|---|---|
| TRAVIS AND MICHELLE VAIL, | CASE NO.: 13-2029 |
| Plaintiff(s), | COMPLAINT |
| vs. | Breach of Contract, Negligence, Negligence Per Se, Fraud, Intentional Infliction of Emotional Distress, Respondiat Superior. |
| COUNTRY MUTUAL INSURANCE COMPANY, | |
| Defendant(s). | Claim over $75,000 |
| | JURY TRIAL REQUESTED |

COMES NOW the Plaintiff, represented by the undersigned attorney, and alleges as follows:

VENUE AND JURISDICTION

1. At all times material hereto, Travis and Michelle Vail (Plaintiffs) have been a residents of Crook County Oregon.

2. At all times material hereto, Country Mutual Insurance Company, (Defendant) is and has been a corporation domiciled in the county of McLean, State of Illinois.

3. The claim and controversy in this matter exceeds $75,000.00

COMPLAINT

Page 1 of 8
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

4. Defendant is authorized to conduct insurance business in the State of Oregon, and subject to the laws of Oregon.

5. The acts and/or omissions that form the basis of this complaint took place in the state of Oregon, this Court has jurisdiction over this matter pursuant to 28 USC §1332, and Venue is proper in the Pendleton Division.

## FACTS MATERIAL TO ALL CLAIMS FOR RELIEF

6. At all times material hereto, Plaintiff owned the residential property located at 485 SE Elm Street, Prineville, OR 97754.

7. Plaintiff purchased a home owner Insurance Policy from Defendant. Specifically identified as policy number AK4817265, (herein "The Policy") from Defendant.

8. The Policy was in force and effect on or about December 8, 2012, and all other times material to this Complaint.

9. On or about December 8, 2012, a fire occurred at Plaintiff's above described residence and damaged the building and its contents.

10. Defendant insured Plaintiff against the peril of fire.

11. Plaintiff filed a claim in connection with the loss, Defendant's Claim Number assigned to this loss is 182-0027440.

12. Defendant Accepted the Claim, and provided coverage under the provisions of the policy.

13. Defendant has had access to the damaged property since December 8, 2012, and investigated the fire.

14. Under the terms of the Policy, in the case of loss to property due to fire, Plaintiff has damage provisions or coverage provisions that include:

COMPLAINT

Page 2 of 8
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

    a. Replacement or Actual Cash Value for the building,

    b. Replacement or Actual Cash Value for contents,

    c. Debris Removal,

    d. Building Ordinance Expense,

    e. Additional Living Expense, and

    f. Other coverage(s).

15. Plaintiff has elected to replace the building.

16. Plaintiff has performed all actions and fulfilled all requirements on their part under the policy.

17. Defendant has failed to pay the full amounts due and owing under the coverage(s) provided by the policy.

18. Plaintiff is entitled to prejudgment interest at the legal rate of 9% per annum on the amount of judgment from December 8, 2012 until the date Judgment is entered herein.

19. As a result of the breach of contract and other actions outlined below by the Defendant, Plaintiff has been forced to hire an attorney to represent him in this matter. Plaintiff is entitled to recover his reasonable attorney fees incurred herein under ORE 742.061.

20. During the adjustment of the loss, Plaintiff provided Defendant an inventory of personal property damaged in the fire, per the adjusters request and policy requirements.

21. During the adjustment of the loss, defendant's adjusters made the following misrepresentations to Plaintiff:

    a. That they had claimed too much personal property and there was no way they could have owned this much personal property.

COMPLAINT

Page 3 of 8
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

    b. That if they did not remove items of personal property, they would be investigated by the Special Investigation Unit, and their claim would be denied in total.

22. Defendant's adjuster deleted items of personal property from the content list to deprive Plaintiff of the full benefit of the insurance policy.

23. During Adjustment of the loss, Defendant changed pricing lists to de-value the loss and deprive plaintiff of the benefits of the insurance policy.

24. During Adjustment of the loss, Defendant misrepresented and denied policy coverage promised to provide temporary safety and relief for the insured.

25. As a result of the acts, errors and omissions outlined in this complaint, Plaintiffs suffered emotional and physical distress.

## BREACH OF CONTRACT

26. Plaintiff herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

27. Plaintiff and Defendant had a contract for insurance.

28. Plaintiff has performed all parts and conditions required on their part under the contract.

29. Plaintiff has demanded payment pursuant to the terms of the Contract.

30. Despite requests by Plaintiff for payment, Defendant has delayed, failed and refused to pay Plaintiff that which he is entitled under the contract for insurance. Such non-payment constitutes breach of the policy and the Contract.

31. Defendant's actions in the adjustment, investigation and payment of the loss have been intended to thwart the purpose of the contract. Defendants actions constitute a violation

COMPLAINT

Page 4 of 8
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

of the implied and inherent duty of good faith and fair dealing, and constitute a breach of the policy and the contract.

## FRAUD

32. Plaintiff herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

33. Defendant knowingly made false representations and statements to Plaintiff.

34. Defendant intended to mislead Plaintiff.

35. Defendant intended to mislead Plaintiff or for Plaintiff to rely on the representations and statements.

36. Plaintiff reasonably relied on the statements and representations.

37. Plaintiff was directly damaged as a result of the misrepresentations.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

39. Defendant intended to inflict severe emotional distress on plaintiff by alleging that they were going to be accused of fraud or have their insurance claim denied.

40. Defendant intended to inflict severe emotional distress on Plaintiff by misrepresenting policy coverage and withholding policy benefits.

41. Defendant's conduct caused Plaintiffs to suffer severe emotional and physical distress.

42. Defendant's conduct was an extraordinary transgression outside socially tolerable behavior.

## NEGLIGENT ADJUSTMENT AND/OR SUPERVISION

43. Plaintiff herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

44. Defendant had a duty to investigate, adjust and pay this loss in the manner of a reasonably prudent insurance company.

45. Defendant had the duty to manage and supervise it's adjusters and investigators in the manner of a reasonably prudent insurance company.

46. Defendant breached those duties.

47. As a result of the breach, Plaintiff suffered damages.

48. The damages Plaintiff suffered were a reasonably foreseeable result of Defendant's breach of duty.

## NEGLIGENCE PER SE

49. Plaintiff herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

50. Defendant is subject to the standards of care enumerated in ORS 746.230 and 746.240 which forbids defendant from:

    a. Misrepresenting facts or policy provisions in settling claims,

    b. Failing to adopt and implement reasonable standards for the prompt investigation of claims,

    c. Refusing to pay claims without conducting a reasonable investigation based on all available information,

COMPLAINT  
Page 6 of 8  
Taylor & Tapper  
400 E 2nd Ave, Suite 103  
Eugene, OR 97401  
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

  d. Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants,

  e. engage in this state in any trade practice that, although not expressly defined and prohibited in the Insurance Code, is found by the Director of the Department of Consumer and Business Services to be an unfair or deceptive act or practice in the transaction of insurance that is injurious to the insurance-buying public.

51. The duties of care above and in this statute are designed to prevent the harm plaintiff suffered in this case.

52. Defendant violated these statutes, and failed to adhere to these duties of care in the investigation, adjustment and payment of Plaintiff's insurance claim.

## RESPONDIAT SUPERIOR

53. To whatever extent Defendant asserts any of the actions, errors, omissions or other allegations in this complaint are the fault of employees, agents or contractors, Defendant is liable for those actions under the doctrine of Respondiat Superior.

///

///

///

///

///

///

///

## PRAYER

54. WHEREFORE, Plaintiff prays for judgment as set forth herein, for economic damages in an amount not to exceed $100,000, non-economic damages in amounts to be determined at trial, for punitive damages and for prejudgment interest, reasonable attorney fees, costs and any other relief the Court deems just and appropriate.

DATED: 11/14/13

/s/ Clinton L. Tapper
_____
Clinton L. Tapper, Attorney for Plaintiff
400 E 2nd Ave, Suite 103
Eugene, OR 97401
OSB #084883
Ph: 541-485-1511 / fax: 541.246-2424