IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TRAVIS VAIL and MICHELLE VAIL**, <br><br> Plaintiffs, <br><br> v. <br><br> **COUNTRY MUTUAL INSURANCE COMPANY**, <br><br> Defendant. | Case No. 2:13-cv-02029-SI <br><br> **OPINION AND ORDER** |

R. Scott Taylor and Clinton L. Tapper, TAYLOR & TAPPER, 400 E 2nd Avenue, Suite 103, Eugene, OR 97401. Of Attorneys for Plaintiffs.

Daniel E. Thenell and Kirsten L. Curtis, THENELL LAW GROUP, P.C., 12909 SE 68th Parkway, Suite 320, Portland, OR 97223. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Travis and Michelle Vail ("Plaintiffs") bring two claims against Country Mutual Insurance Company ("Defendant"): (1) breach of contract; and (2) negligent supervision. In their joint proposed pretrial order, the parties requested the opportunity to brief the underlying tort issues on the negligent supervision claim, which the Court allowed. Plaintiffs do not dispute that to maintain a cause of action for negligent supervision, there must be an underlying tort. Plaintiffs assert that the underlying tort here is breach of the duty of good faith and fair dealing.

PAGE 1 – OPINION AND ORDER

For the following reasons, Plaintiffs' tort claim of negligent supervision is dismissed. Plaintiffs may proceed to trial on their claim of breach of contract.

## DISCUSSION

The Oregon Supreme Court has discussed the intersection of contract and tort claims as follows:

> When the relationship involved is between contracting parties, and the gravamen of the complaint is that one party caused damage to the other by negligently performing its obligations under the contract, then, and even though the relationship between the parties arises out of the contract, the injured party may bring a claim for negligence if the other party is subject to a standard of care independent of the terms of the contract. If the plaintiff's claim is based solely on a breach of a provision in the contract, which itself spells out the party's obligation, then the remedy normally will be only in contract, with contract measures of damages and contract statutes of limitation. That is so whether the breach of contract was negligent, intentional, or otherwise. In some situations, a party may be able to rely on either a contract theory or a tort theory or both.

*Georgetown Realty, Inc. v. Home Ins. Co.*, 313 Or. 97, 106 (1992). The "pivotal question, in deciding whether one party to a contract may sue another party to the contract in tort for negligent performance of a term of the contract, is whether the allegedly negligent party is subject to a standard of care independent of the terms of the contract." *Id.* at 110. Such a standard may be independent of the contract for two reasons: (1) a special relationship between the parties imposes a heightened standard of care, or (2) the common law, statutes, or administrative rules impose liability regardless of the contractual relationship between the parties. *Abraham v. T. Henry Constr., Inc.*, 350 Or. 29, 40 (2011). In this case, Plaintiffs argue that they can maintain a claim for breach of the duty of good faith and fair dealing alongside their breach of contract claim because a special relationship existed between the parties based on the actions of Defendant's claims adjuster.

In considering whether a special relationship exists, the focus is on "whether the *nature of the parties' relationship itself* allowed one party to exercise control in the first party's best interests." *Bennett v. Farmers Ins. Co. of Or.*, 332 Or. 138 (2001) (emphasis in original). Such a relationship exists when "*one party has authorized the other* to exercise independent judgment [on] his or her behalf and, consequently, the party who owes the duty has a special responsibility to administer, oversee, or otherwise take care of certain affairs belonging to the other party." *Conway v. Pac. Univ.*, 324 Or. 231, 241 (1996) (emphasis added). In *Georgetown*, the court found a special relationship between an insured and its liability insurer. 313 Or. at 110. The court reasoned that "[w]hen a liability insurer undertakes to 'defend,' it agrees to provide legal representation and to stand in the shoes of the party that has been sued. The insured relinquishes control over the defense of the claim asserted." *Id.* A special relationship also exists when one party has hired the other in a professional capacity, or in a principal-agent relationship. *Conway*, 324 Or. 240. In *Bennett*, however, the Oregon Supreme Court rejected the argument, based in part on *Georgetown*, that a special relationship exists merely when "one party's financial interests are dependent on the other's control." *Bennett*, 332 Or. at 160; *see also Spada Props. Inc. v. Unified Grocers, Inc.*, 2015 WL 4662930, at *16-17 (D. Or. Aug. 6, 2015).

Plaintiffs argue that when Defendant's claims adjuster changed the personal property inventory generated by Plaintiffs without Plaintiffs' knowledge or instruction, Defendant's adjusted stepped into Plaintiffs' shoes, creating a special relationship. Under Defendant's policy, the insured has the duty to "[p]repare an inventory of damaged or stolen property showing the quantity, description, 'actual cash value' and amount of loss." Dkt. 39-9 at 34. Plaintiffs state that they did not give the claims adjuster permission to make changes to the inventory that they prepared pursuant to the policy. Unlike in a principal-agent relationship, or in the third-party

liability context, Plaintiffs did not authorize Defendant's claims adjuster to "exercise independent judgment" on their behalf, *see Conway*, 324 Or. at 241, or "relinquish[] control" over the inventory to Defendant's claims adjuster, *see Georgetown*, 313 Or. at 110. Plaintiffs cannot maintain their claim for breach of the duty of good faith and fair dealing under the special relationship theory. Defendant's claims adjuster allegedly acted without authority from Plaintiffs. Without such authorization, however, there can be no special relationship.

In addition, as long as it is consistent with the express terms of the contract, "the duty of good faith is a contractual term that is implied by law into *every* contract . . . ." *McKenzie v. Pac. Health & Life Ins. Co.*, 118 Or. App. 377, 381 (1993). "[A] party may violate its duty of good faith and fair dealing without also breaching the express provisions of a contract." *Elliott v. Tektronix, Inc.*, 102 Or. App. 388, 396 (1990). A claim for breach of the duty of good faith and fair dealing can also "be pursued independently of a claim for breach of the express terms of the contract." *McKenzie*, 118 Or. App. at 381. The purpose of the duty "is to prohibit improper behavior in the performance and enforcement of contracts, and to ensure that the parties will refrain from any act that would have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Klamath Off-Project Water Users, Inc. v. Pacificorp*, 237 Or. App. 434, 445 (2010) (quotation marks omitted).

Plaintiffs' complaint alleges Defendant's violation of the duty of good faith and fair dealing as a component of Plaintiffs' breach of contract claim. Dkt. 1 ¶ 31. Thus, Plaintiffs' claim for the breach of the duty of good faith and fair dealing depends upon the contractual relationship between the parties, and cannot "impose liability [upon Defendant] regardless of the contractual relationship." *See Abraham*, 350 Or. at 40.

## CONCLUSION

Plaintiffs cannot maintain their negligent supervision claim based on the underlying tort of the breach of the duty of good faith and fair dealing because Plaintiffs have failed to establish either a special relationship or that Defendant is subject to a standard of care independent of the terms of the contract. As a result, Plaintiffs' negligent supervision claim is DISMISSED. Defendant's alternative motion for judgment on the pleadings (Dkt. 71) is GRANTED.

**IT IS SO ORDERED**.

DATED this 16th day of October, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge