IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TRAVIS AND MICHELLE VAIL**, | Case No. 2:13-cv-02029-SI |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **COUNTRY MUTUAL INSURANCE COMPANY**, | |
| Defendant. | |

R. Scott Taylor and Clinton L. Tapper, TAYLOR & TAPPER, 400 E. Second Avenue, Suite 103, Eugene, OR 97401. Of Attorneys for Plaintiffs.

Daniel E. Thenell and Kirsten L. Curtis, THENELL LAW GROUP, P.C., 12909 S.W. 68th Parkway, Suite 320, Portland, OR 97223. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

On November 23, 2015, the jury returned a verdict in favor of Travis and Michelle Vail ("Plaintiffs") against Country Mutual Insurance Company ("Defendant") for breach of the implied covenant of good faith and fair dealing contained in Defendant's insurance contract with Plaintiffs. The jury awarded Plaintiffs $11,049. Defendant timely moved for renewed judgment as a matter of law under Fed. R. Civ. P. 50(b), or in the alternative, for a new trial under Fed. R. Civ. P. 59. For the reasons stated below, Defendant's motion and alternative motion (Dkt. 124) are DENIED.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

**A. Renewed Motion for Judgment as a Matter of Law**

Judgment as a matter of law under Fed. R. Civ. P. 50(a) is proper if "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir.2009) (quotation marks omitted); *see also Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir.2014) (explaining that judgment as a matter of law must be granted if it is clear that "the evidence and its inferences cannot reasonably support a judgment in favor of the opposing party"). Because a motion under Rule 50(b) is a renewed motion, a party cannot "raise arguments in its post-trial motion for judgment as a matter of law that it did not first raise in its Rule 50(a) pre-verdict motion." *Go Daddy Software*, 581 F.3d at 961 (quotation marks omitted).

In evaluating a motion for judgment as a matter of law, the Court must view all the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Experience Hendrix, L.L.C. v. Hendrixlicensing.com, Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014). The Court may not, however, make credibility determinations, weigh the evidence, or "substitute its view of the evidence for that of the jury." *Krechman v. County of Riverside*, 723 F.3d 1104, 1110 (9th Cir. 2013) (quotation marks omitted). A jury's verdict must be upheld if it is supported by substantial evidence. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014); *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001). Substantial evidence is "such relevant evidence as reasonable minds might accept as adequate to support a conclusion[,] even if it is possible to draw two inconsistent conclusions from the evidence." *Weaving*, 763 F.3d at 1111 (quotation marks omitted).

B.  **Motion for New Trial**

Under Fed. R. Civ. P. 59, the Court "may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quotation marks omitted); *see also Shimko v. Guenther*, 505 F.3d 987, 993 (9th Cir. 2007). Unlike the determination of a motion for judgment as a matter of law under Rule 50, the Court is not required to view the evidence in the light most favorable to the non-moving party. *Experience Hendrix*, 762 F.3d at 842. Rather, the Court "can weigh the evidence and assess the credibility of the witnesses." *Id.* (citing *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (*per curiam*)). A judge should not award a new trial unless he is "left with the definite and firm conviction that a mistake has been committed." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 82 F.Supp.3d 987, 991, 2015 WL 925892, at *1 (N.D. Cal. Mar. 2, 2015) (quoting *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987)).

## BACKGROUND

At all relevant times, Plaintiffs owned the residential property at 485 S.E. Elm Street in Prineville, Oregon (the "Dwelling"). Plaintiffs purchased a homeowner insurance policy from Defendant insuring the Dwelling (the "Policy"). The Policy was in full force and effect on December 8, 2012. On that date, a fire occurred at Plaintiffs' Dwelling and damaged the building and its contents, Plaintiffs' personal property. The fire was a covered cause of loss under the Policy, and Defendant accepted coverage for the loss. The Policy provided coverage for the structure, personal property (contents), and additional living expenses.

On December 8, 2012, the day of the fire, Plaintiffs reported the fire to Defendant. On May 23, 2013, Plaintiffs submitted their signed proof of loss. Defendant paid the following amounts on the loss: (a) $145,026.64 on the structure; (b) $87,751.44 for personal property

PAGE 3 – OPINION AND ORDER

(contents); and (c) $9,962.86 for additional living expenses. Plaintiffs, however, contend that they were entitled to more and filed this lawsuit on November 14, 2013.

Plaintiffs alleged claims of fraud, intentional infliction of emotional distress, negligence per se, breach of contract (alleging both breach of express contract and breach of the implied covenant of good faith and fair dealing), respondeat superior, and negligent supervision. The Court granted summary judgment against all claims except breach of contract (in both respects).

A four-day jury trial began on November 18, 2015. Plaintiffs asserted that Defendant breached its contract of insurance with Plaintiffs both by breaching the express terms of the Policy and by breaching the implied covenant of good faith. Plaintiffs contended that Defendant breached the express terms of the Policy by failing to pay the full replacement cost of Plaintiffs' structure, failing to pay the full actual cost of Plaintiffs' personal property, and failing to pay the full amount of Plaintiffs' additional reasonable living expenses. Plaintiffs contended that Defendant breached the implied covenant of good faith and fair dealing by repeatedly changing the claim values, not being truthful to Plaintiffs, deleting items from Plaintiffs' claim, failing to honor Plaintiffs' requests during the claim process, making threatening remarks to Plaintiffs, and generally delaying the fair and accurate processing of Plaintiffs' claim (resulting in additional living expenses). Plaintiffs sought money damages from Defendant in the maximum amount allowed under the Policy, less what Defendant already paid. Specifically, Plaintiffs asked the jury for $44,082 in additional structure costs, $17,315 in additional lost personal property (contents), and $11,049 for additional living expenses.

Defendant argued that it paid Plaintiffs all of the money that was required under the Policy and that whatever additional expenses Plaintiffs may have suffered were caused by

Plaintiffs' failure to mitigate. Defendant also asserted as an affirmative defense that Plaintiffs made material misrepresentations in their claim submissions.

Before the case was submitted to the jury, Defendant moved for judgment as a matter of law, which the Court denied. The jury was properly instructed and rendered its unanimous verdict, answering four questions. The jury answered the first question, "Did Plaintiffs prove, by a preponderance of the evidence, that Defendant breached the express terms of the parties' contract?" by responding, "No." The jury answered the second question, "Did Plaintiffs prove, by a preponderance of the evidence, that Defendant breached the implied covenant of good faith and fair dealing?" by responding, "Yes." The jury answered the third question, "Did Defendant prove, by a preponderance of the evidence, that Plaintiffs misrepresented any material fact to Defendant regarding Plaintiffs' insurance claim and that Defendant relied on such a misrepresentation to its detriment?" by responding, "No." The jury answered the fourth question, "What is the total amount of damages, if any, that Plaintiffs sustained as a result of Defendant's breach of contract, after considering Defendant's affirmative defense of failure to mitigate damages and making appropriate deductions, if any?" by responding "$11,049.00." That was precisely the amount sought by Plaintiffs as additional living expenses.

## DISCUSSION

In Oregon, "[t]he law imposes a duty of good faith and fair dealing in the performance and enforcement of every contract." *Hampton Tree Farms, Inc. v. Jewett*, 320 Or. 599, 615 (1995) (citing *Pac. First Bank v. New Morgan Park Corp.*, 319 Or. 342, 349-53 (1994); *Sheets v. Knight*, 308 Or. 220, 233 (1989); *Best v. U.S. Nat'l Bank*, 303 Or. 557, 561-64 (1987)). The purpose of the duty "is to prohibit improper behavior in the performance and enforcement of contracts, and to ensure that the parties 'will refrain from any act that would have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Klamath*

PAGE 5 – OPINION AND ORDER

*Off-Project Water Users, Inc. v. Pacificorp*, 237 Or. App. 434, 445 (2010) (quoting *Iron Horse Engineering v. Northwest Rubber*, 193 Or. App. 402, 421 (2004)). A party may violate the covenant of good faith and fair dealing without breaching the express terms of the contract. *Id.* The covenant, however, "'cannot contradict an express contractual term, nor otherwise provide a remedy for an unpleasantly motivated act that is expressly permitted by the contract.'" *Id.* (quoting *Zygar v. Johnson*, 169 Or. App. 638, 645 (2000), *rev. den.*, 331 Or. 584 (2001)).

Defendant makes the same argument in support of both its renewed motion for judgment as a matter of law and its motion for new trial. Defendant argues that the jury awarded Plaintiffs an amount of damages that exactly matches the difference between the Policy limit for additional living expenses and the amount that Defendant paid Plaintiffs for their additional living expenses before filing suit. Defendant asserts that inherent in the jury's finding that Defendant did not breach the express terms of the Policy is a finding that Defendant paid all that was owed to Plaintiffs under the additional living expenses provision. Thus, Defendant argues, it is "illogical" for the jury to have awarded Plaintiffs damages for additional living expenses under a theory of breach of the implied duty of good faith and fair dealing while at the same time finding that Defendant did not violate the express terms of the Policy.[1]

---

[1] In Defendant's discussion of the standard for a renewed motion for judgment as a matter of law, Defendant also asks the Court to review the evidentiary record to determine whether Plaintiffs presented sufficient evidence to support the jury's verdict. Dkt. 124 at 2. The remainder of Defendant's motion, however, contains only arguments regarding the purported inconsistency between the verdicts. To the extent that Defendant argues that the jury's affirmative answer on the question of breach of the implied covenant of good faith and fair dealing is not supported by substantial evidence, the Court, after a review of the record, finds to the contrary.

PAGE 6 – OPINION AND ORDER

Defendant is, in effect, arguing that the jury's verdicts are inconsistent.[2] When faced with a claim that special verdicts are inconsistent, the reviewing court has "a duty 'to reconcile the jury's special verdict responses on any reasonable theory consistent with the evidence.'" *Guy v. City of San Diego*, 608 F.3d 582, 586 (9th Cir. 2010) (quoting *Pierce v. S. Pac. Transp. Co.*, 823 F.2d 1366, 1369 (9th Cir. 1987)); *see also* 9B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2510 (3d ed.) "The case law establishes that it is the duty of the district judge to attempt to harmonize the jury's answers, if it is at all possible under a fair reading of the responses."). "The consistency of the jury verdicts must be considered in light of the judge's instructions to the jury." *California v. Altus Finance S.A.*, 540 F.3d 992, 1004 (9th Cir. 2008) (quoting *Toner v. Lederle Labs.*, 828 F.2d 510, 512 (9th Cir. 1987)).

The Court finds that there is no inherent conflict or inconsistency in the jury's verdicts. Plaintiffs presented evidence to the jury that Defendant repeatedly and arbitrarily changed property values and deleted items from the replacement costs list. This evidence supported Plaintiffs' theory at trial that Defendants breached the implied covenant of good faith and fair dealing in part by delaying the fair, accurate, and timely processing of Plaintiffs' fire claim. Among other things, Defendant's breach foreseeably resulted in Plaintiffs having to pay for

---

[2] Plaintiffs first respond that Defendant has waived this argument because Defendant did not object before the jury was discharged. *See El-Hakem v. BJY Inc.*, 262 F. Supp. 2d 1139, 1145 (D. Or. 2003) (citing *Home Indem. Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322 (9th Cir. 1995) ("When the court invites the parties to consider whether to discharge the jury after the jury has reported its verdict, . . . a party must raise any issue concerning possible inconsistencies in the jury's findings before the jury is excused or risk waiver of the objection."). Earlier Ninth Circuit precedent, however, suggests that this waiver rule only applies to general verdicts and not to special verdicts. *See Pierce v. Southern Pac. Transp. Co.*, 823 F.2d 1366, 1370 (9th Cir. 1987) ("Special verdicts, such as the one in this case, are governed by Rule 49(a), which does not require objections before discharge of the jury."). Here, the jury returned special verdicts. Because the Court finds that the verdicts are not inconsistent, the Court need not resolve the question whether Defendant's failure to object before the jury was discharged resulted in the waiver of Defendant's objection.

PAGE 7 – OPINION AND ORDER

additional living expenses beyond those for which reimbursement was required under the express terms of the Policy. The jury could have awarded damages based on this "reasonable theory [that is] consistent with the evidence." *Guy*, 608 F.3d at 586.

Under Oregon law, "'a party may violate its duty of good faith and fair dealing without also breaching the express provisions of a contract.'" *Klamath*, 237 Or. App. At 445 (quoting *Elliott v. Tektronix, Inc.*, 102 Or. App. 388, 396, *rev. den.*, 311 Or. 13 (1990)). The Court instructed the jury that the implied covenant of good faith and fair dealing "cannot be used to contradict the stated terms of the contract." Dkt. 111 at 14 (Court's Amended Instructions to the Jury, Instruction No. 18). Accordingly, the verdicts are not inconsistent.

## CONCLUSION

Defendant's Renewed Motion for Judgment as a Matter of Law and Alternative Motion for New Trial (Dkt. 124) are DENIED.

**IT IS SO ORDERED**.

DATED this 19th day of February, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 8 – OPINION AND ORDER