IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TRAVIS AND MICHELLE VAIL**, <br><br> Plaintiffs, <br><br> v. <br><br> **COUNTRY MUTUAL INSURANCE COMPANY**, <br><br> Defendant. | Case No. 2:13-cv-02029-SI <br><br> **OPINION AND ORDER ON ATTORNEY'S FEES, COSTS, AND PRE-JUDGMENT INTEREST** |

R. Scott Taylor and Clinton L. Tapper, TAYLOR & TAPPER, 400 E. Second Avenue, Suite 103, Eugene, OR 97401. Of Attorneys for Plaintiffs.

Daniel E. Thenell and Kirsten L. Curtis, THENELL LAW GROUP, P.C., 12909 S.W. 68th Parkway, Suite 320, Portland, OR 97223. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

On November 23, 2015, the jury returned a verdict in favor of Travis and Michelle Vail ("Plaintiffs") against Country Mutual Insurance Company ("Defendant") for breach of the implied covenant of good faith and fair dealing contained in Defendant's insurance contract with Plaintiffs. The jury awarded Plaintiffs $11,049. Plaintiffs timely moved for an award of attorney's fees under Or. Rev. Stat. § 742.061, costs, and prejudgment interest. Plaintiffs seek an award of attorney's fees in the amount of $227,270.50. Plaintiffs also seek costs in the amount of $5,658.22 and prejudgment interest in the amount of $2,807.04. Defendant timely objected. For

PAGE 1 – OPINION AND ORDER ON ATTORNEY'S FEES

the reasons stated below, Plaintiff's motion for attorney's fees, costs, and prejudgment interest (Dkt. 119) is GRANTED IN PART AND DENIED IN PART.

## STANDARDS

"In an action where a federal district court exercises subject matter jurisdiction over a state law claim, so long as state law does not contradict a valid federal statute, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009) (citation and quotation marks omitted). Under Oregon law, if a settlement is not made within six months after an insured files a proof of loss with an insurer and the insured brings an action against the insurer under a policy of insurance and the insured's recovery exceeds the amount of any tender made by the insurer, the insured is entitled to receive an award of reasonable attorney's fees. Or. Rev. Stat. § 742.061(1). That subsection provides in relevant part:

> [I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon. . . .

*Id.*

After concluding that a prevailing party shall recover reasonable attorney's fees, a court applying Oregon law must consider the specific factors set forth in Or. Rev. Stat. § 20.075 to determine the amount of attorney's fees to be awarded. The specific factors set forth in Or. Rev. Stat. § 20.075(1) are:

> (a)  The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

PAGE 2 – OPINION AND ORDER ON ATTORNEY'S FEES

> (b) The objective reasonableness of the claims and defenses asserted by the parties.
>
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
>
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
>
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
>
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

Or. Rev. Stat. § 20.075(1).[1] After considering these eight factors, Or. Rev. Stat. § 20.075(2) directs the court to consider the following additional eight factors:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
>
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>
> (c) The fee customarily charged in the locality for similar legal services.
>
> (d) The amount involved in the controversy and the results obtained.

---

[1] Under subsection (1), these factors are to be first considered in determining whether to award fees "in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees." In addition, in any case in which an award of fees is authorized or required, the court shall consider the factors specified in subsection (1) as well as the factors specified in subsection (2) "in determining the amount of an award of attorney fees in those cases." Or. Rev. Stat. § 20.075(2).

PAGE 3 – OPINION AND ORDER ON ATTORNEY'S FEES

>   (e)     The time limitations imposed by the client or the circumstances of the case.
>
>   (f)     The nature and length of the attorney's professional relationship with the client.
>
>   (g)     The experience, reputation and ability of the attorney performing the services.
>
>   (h)     Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075(2). Oregon law further directs that when analyzing these factors, a court should "includ[e] in its order a brief description or citation to the factor or factors on which it relies." *McCarthy v. Or. Freeze Dry, Inc.*, 327 Or. 185, 190-91 (1998). The court, however, "ordinarily has no obligation to make findings on statutory criteria that play no role in the court's decision." *Frakes v. Nay*, 254 Or. App. 236, 255 (2012).

Under Or. Rev. Stat. § 20.075(2), factor (a) generally relates to the reasonableness of the number of hours expended by counsel for the prevailing party, factors (c) and (g) generally relate to the reasonableness of the hourly rates charged, and factor (d) generally informs whether an upward or downward adjustment might be appropriate, including a downward adjustment for partial success. Factors (a), (c), and (g) are comparable to what is often referred to as the "lodestar" method for calculating a reasonable attorney's fee. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (holding that the lodestar method yields a presumptively reasonable fee, subject to either upward or downward adjustment as appropriate); *see also Strawn v. Farmers Ins. Co. of Or.*, 353 Or. 210, 221 (2013) ("The lodestar approach that the parties have used is at least a permissible one under the statutes involved," including Or. Rev. Stat. § 20.075); *ZRZ Realty Co. v. Beneficial Fire & Cas. Ins. Co.*, 255 Or. App. 525, 554 (2013) ("The lodestar method that the trial court used is a commonly applied and permissible approach for determining the reasonableness of a fee award . . . .").

PAGE 4 – OPINION AND ORDER ON ATTORNEY'S FEES

The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).[2] In making this calculation, the district court should take into consideration various reasonableness factors, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).

In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez*, 729 F.3d at 1202.

The district court may determine, in one of two ways, whether hours are excessive, redundant, or otherwise unnecessary, and thus excludable. The court may conduct an hour-by-hour analysis of the fee request. *Id*. at 1203. Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id*. (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (quotation marks omitted)). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" *Id.* (quoting *Gates*, 987 F.2d at 1400). The Ninth Circuit recognizes one exception to this rule:

---

[2] It is "well established that time spent in preparing fee applications" is also compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996) (quotation marks omitted)).

"'[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.'" *Id.* (alteration in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

In addition, other courts, including the District of Oregon, specifically caution against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices hinder a court's ability to assess the reasonableness of the time expended. *See, e.g.*, U.S. District Court, District of Oregon, Message from the Court Regarding Attorney Fee Petitions, *available at* https://www.ord.uscourts.gov/index.php/court-info/court-policies/fee-petitions (last updated Feb. 6, 2013) (last visited February 9, 2016). Applying this cautionary statement, United States Magistrate Judge John Acosta has noted, "the court may excuse this method when the billing period is no more than three hours." *Noel v. Hall*, 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013). For block-billing periods in excess of three hours, however, Judge Acosta has reduced each applicable entry by fifty percent.

> Accordingly, the block-billed time requested over the three-hour maximum will be reduced by fifty percent. Such a reduction is warranted because the vague nature of the entry makes it impossible for the court to make *any* assessment as to the reasonableness of that time expended. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011) ("The fee award may be reduced if [plaintiff's] renewed request is supported only by block-billing statements of the relevant activity, although a fee award cannot be denied on this basis.").

*Id.* (alteration and emphasis in original).

After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprise the reasonable number of hours used in calculating the lodestar amount. For this purpose, the "'prevailing market rates in the relevant community' set the reasonable hourly rates." *Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "'Generally, when

PAGE 6 – OPINION AND ORDER ON ATTORNEY'S FEES

determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.'" *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). Within this geographic community, the district court should consider the experience, skill, and reputation of the attorneys or paralegals involved. *Gonzalez*, 729 F.3d at 1205-6.

In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition, in the District of Oregon we have the benefit of several billing rate surveys. One survey is the Oregon State Bar 2012 Economic Survey ("OSB 2012 Survey"), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. A copy of the OSB 2012 Survey is available at http://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf (last visited on February 9, 2016). Another survey, although somewhat more limited in scope, is the Morones 2014 Survey of Commercial Litigation Fees ("Morones 2014 Survey"). The Morones 2014 Survey contains data on attorney billing rates based on years of experience, but it is confined to commercial litigation attorneys practicing in Portland, Oregon. The Morones 2014 Survey reports data for 297 attorneys from 19 law firms (out of 29 law firms requested to provide data). A copy of the Morones 2014 Survey is available at, among other places, http://mbabar.org/assets/documents/cle//012115%20Attorney%20Fee%20Petitions%20Mats.pdf (last visited February 9, 2016).

There is a strong presumption that the fee arrived at through the lodestar calculation is a reasonable fee. *Perdue*, 559 U.S. at 552. A district court may, however, adjust the lodestar

PAGE 7 – OPINION AND ORDER ON ATTORNEY'S FEES

amount in "rare" and "exceptional" cases, such as when a particular factor bearing on the reasonableness of the attorney's fees is not adequately taken into account in the lodestar calculation.[3] *See Perdue*, 559 U.S. at 552-54 (finding that, in certain circumstances, the superior performance of counsel may not be adequately accounted for in the lodestar calculation); *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (finding that although in ordinary cases the "results obtained" factor is deemed adequately accounted for in the lodestar calculation, it may serve as a basis to adjust the lodestar when "an attorney's *reasonable* expenditure of time on a case [is not] commensurate with the fees to which he [or she] is entitled").

## BACKGROUND

At all relevant times, Plaintiffs owned the residential property at 485 S.E. Elm Street in Prineville, Oregon (the "Dwelling"). Plaintiffs purchased a homeowner insurance policy from Defendant insuring the Dwelling (the "Policy"). The Policy was in full force and effect on December 8, 2012. On that date, a fire occurred at Plaintiffs' Dwelling and damaged the building and its contents, Plaintiffs' personal property. The fire was a covered cause of loss under the Policy, and Defendant accepted coverage for the loss. The Policy provided coverage for the structure, personal property (contents), and additional living expenses.

---

[3] Factors that may be relevant to the reasonableness of a fee include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and the ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Based on later case law, a twelfth factor identified in *Kerr*, the fixed or contingent nature of the fee, is no longer a valid factor to consider in determining reasonable attorney's fees. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 n.7 (9th Cir. 2011). These are all similar to the factors in Or. Rev. Stat. § 20.075.

On December 8, 2012, the day of the fire, Plaintiffs reported the fire to Defendant. On May 23, 2013, Plaintiffs submitted their signed proof of loss. Defendant paid the following amounts on the loss: (a) $145,026.64 on the structure; (b) $87,751.44 for personal property (contents); and (c) $9,962.86 for additional living expenses. Plaintiffs, however, contend that they were entitled to more and filed this lawsuit on November 14, 2013.

Plaintiffs alleged claims of fraud, intentional infliction of emotional distress, negligence per se, breach of contract (alleging both breach of express contract and breach of the implied covenant of good faith and fair dealing), respondeat superior, and negligent supervision. The Court granted summary judgment against all claims except breach of contract (in both respects).

A four-day jury trial began on November 18, 2015. Plaintiffs asserted that Defendant breached its contract of insurance with Plaintiffs both by breaching the express terms of the Policy and by breaching the implied covenant of good faith. Plaintiffs contended that Defendant breached the express terms of the Policy by failing to pay the full replacement cost of Plaintiffs' structure, failing to pay the full actual cost of Plaintiffs' personal property, and failing to pay the full amount of Plaintiffs' additional reasonable living expenses. Plaintiffs contended that Defendant breached the implied covenant of good faith and fair dealing by repeatedly changing the claim values, not being truthful to Plaintiffs, deleting items from Plaintiffs' claim, failing to honor Plaintiffs' requests during the claim process, making threatening remarks to Plaintiffs, and generally delaying the fair and accurate processing of Plaintiffs' claim (resulting in additional living expenses). Plaintiffs sought money damages from Defendant in the maximum amount allowed under the Policy, less what Defendant already paid. Specifically, Plaintiffs asked the jury for $44,082 in additional structure costs, $17,315 in additional lost personal property (contents), and $11,049 for additional living expenses.

PAGE 9 – OPINION AND ORDER ON ATTORNEY'S FEES

Defendant argued that it paid Plaintiffs all of the money that was required under the Policy and that whatever additional expenses Plaintiffs may have suffered were caused by Plaintiffs' failure to mitigate. Defendant also asserted as an affirmative defense that Plaintiffs made material misrepresentations in their claim submissions.

Before the case was submitted to the jury, Defendant moved for judgment as a matter of law, which the Court denied. The jury was properly instructed and rendered its unanimous verdict, answering four questions. The jury answered the first question, "Did Plaintiffs prove, by a preponderance of the evidence, that Defendant breached the express terms of the parties' contract?" by responding, "No." The jury answered the second question, "Did Plaintiffs prove, by a preponderance of the evidence, that Defendant breached the implied covenant of good faith and fair dealing?" by responding, "Yes." The jury answered the third question, "Did Defendant prove, by a preponderance of the evidence, that Plaintiffs misrepresented any material fact to Defendant regarding Plaintiffs' insurance claim and that Defendant relied on such a misrepresentation to its detriment?" by responding, "No." The jury answered the fourth question, "What is the total amount of damages, if any, that Plaintiffs sustained as a result of Defendant's breach of contract, after considering Defendant's affirmative defense of failure to mitigate damages and making appropriate deductions, if any?" by responding "$11,049.00." That was precisely the amount sought by Plaintiffs as additional living expenses.

## DISCUSSION

### A. ATTORNEY'S FEES

#### 1. Review of Hourly Rates

Attorney Scott Taylor has been practicing law for 40 years, specializing in first party insurance litigation for ten years. He states that his billing rate is $350 per hour for work other than trial and $450 per hour for trial. Attorney Clinton Tapper has been practicing law for seven

PAGE 10 – OPINION AND ORDER ON ATTORNEY'S FEES

years, specializing in first party litigation for six years. He states that his billing rate for much of this case was $225 per hour, which increased to $250 per hour after September 1, 2015. Attorney Nicholoas Gower has been practicing law for more than a year, and his rate is $175 per hour. Paralegals Karen Tapper and Brenda Taylor charge $60 per hour. Defendant does not object to the hourly rates requested by Mr. Tapper and Mr. Gower. Defendant, however, objects to Mr. Taylor's requested rates, including his differential between trial and non-trial activities. The Court has reviewed the requested rates and finds them reasonable under both the OSB 2012 Survey and the 2014 Morones Survey.

### 2. Review of Hours Expended

Plaintiffs seek an award of attorney's fees based on all of time spent by Plaintiffs' attorneys and paralegals on all claims throughout the duration of the lawsuit. Plaintiffs argue that their claims "were based off a common core of facts and law" and that the facts were "inextricably interrelated." Dkt. 119 at 6. Defendant disagrees and correctly asserts that "Plaintiffs were unsuccessful on a majority of the claim initially raised in their Complaint." Dkt. 127 at 11. Defendant adds that the "Court should not award fees for time incurred on any claims other than breach of contract." *Id*. Defendant also observes that "Plaintiffs recovered just over 15% of the amount sought at trial, according to Plaintiffs' estimate of $72,000.00." *Id.* at 9.

A prevailing plaintiff seeking attorney's fees may be compensated only for hours expended in furtherance of successful claims or claims closely related to successful claims. *Hensley*, 461 U.S. at 434-35. Further, "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees." *Id*. at 440; *see also* Or. Rev. Stat. § 20.075(2)(d). As explained by the Ninth Circuit:

> A plaintiff is not eligible to receive attorney's fees for time spent
> on unsuccessful claims that are unrelated to a plaintiff's successful
> § 1983 claim. Such unrelated claims must be treated as if they had

PAGE 11 – OPINION AND ORDER ON ATTORNEY'S FEES

been raised in a separate lawsuit to realize "congressional intent to limit awards to prevailing parties." [*Hensley v. Eckerhart*, 461 U.S. 424 (1983)] at 435. However, in a lawsuit where the plaintiff presents different claims for relief that "involve a common core of facts" or are based on "related legal theories," the district court should not attempt to divide the request for attorney's fees on a claim-by-claim basis. *Id.* Instead, the court must proceed to the second part of the analysis and "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

*McCown*, 565 F.3d at 1103.

Thus, to determine fees in a case of partial success, the court must consider: (1) whether the plaintiff failed to prevail on claims that were unrelated to the claims on which she succeeded; and (2) whether the plaintiff achieved "'a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Watson v. Cnty. of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002) (quoting *Hensley*, 461 U.S. at 434); *see also Arnold v. Pfizer, Inc.*, 2015 WL 4603326, at *4 (D. Or. July 29, 2015) (Acosta, J.). As Judge Acosta explained in his well-reasoned decision:

> The first step requires the court to examine whether the successful and unsuccessful claims are unrelated. Claims are unrelated if the successful and unsuccessful claims are distinctly different both legally and factually; claims are related, however, if they involve a common core of facts or are based on related legal theories. The court should focus on whether the unsuccessful and successful claims arose out of the same course of conduct. If the claims are related, the court engages in the second step of the analysis, and must assess the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. When a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. Nonetheless, a plaintiff does not need to receive all the relief requested in order to show excellent results warranting the fully compensatory fee.

PAGE 12 – OPINION AND ORDER ON ATTORNEY'S FEES

*Arnold*, 2015 WL 4603326, at *4 (citations and quotation marks omitted).

The Court agrees with Defendant that the time incurred by Plaintiffs' counsel working on Plaintiffs' claims for fraud, intentional infliction of emotional distress, negligence per se, respondeat superior, and negligent supervision, which were all dismissed on summary judgment before trial, should not be included in Plaintiffs' lodestar. Those claims were based on a common core of facts and law with Plaintiffs' successful contract claim, and the facts related to Plaintiffs' claims were not "inextricably interrelated." Further, the Court observes that Plaintiffs did not prevail on their claim of express breach of contract. Plaintiffs prevailed only on their claim of breach of the implied covenant of good faith and fair dealing. And even for that claim, the jury awarded damages in an amount equal to Plaintiffs' claimed loss of additional living expenses ($11,049), and nothing that would equal Plaintiffs' claimed damages of additional structure costs ($44,082) or additional lost personal property ($17,315). Thus, Defendant is correct when it states that the jury awarded Plaintiffs only 15 percent of the $72,446 that Plaintiffs requested at trial. (The precise number is 15.25 percent.) Further, the records that Plaintiffs submitted are insufficient to allow the Court to determine precisely what portion of Plaintiffs' counsel's time was spent working on the matter on which Plaintiffs were successful.

The Court concludes that 75 percent reduction of Plaintiffs' loadstar is reasonable in this case based on Plaintiffs' limited success. As explained, Plaintiffs succeeded on only a small portion of one of their six claims. *See generally Schwarz v. Sec'y of Health and Human Servs.*, 73 F.3d 895, 899–900, 906 (9th Cir.1995) (affirming 75 percent cut to the number of hours billed where plaintiff succeeded on only 25 percent of his claims); *see also Harris v. Marhoefer*, 24 F.3d 16, 18-19 (9th Cir. 1994) (reducing the plaintiff's lodestar figure by 50 percent, after

PAGE 13 – OPINION AND ORDER ON ATTORNEY'S FEES

deducting duplicative time, based on limited success). Accordingly, the Court reduces Plaintiffs' request for $227,270.50 by 75 percent and awards Plaintiffs $56,817.63 in attorney's fees.

## B.  COSTS

Plaintiffs seek costs in the total amount of $5,658.22 pursuant to 28 U.S.C. § 1920. Defendant objects to a witness fee in the amount of $150 for Ryan Gerlitz and correctly observes that Mr. Gerlitiz was not called at trial. Defendant also objects to Plaintiffs' request for $3,842 as costs of deposition transcripts for nine witnesses, arguing that Plaintiffs did not use any deposition transcript at trial. Defendant further objects to Plaintiffs' request for $1,239.10 in copying costs without showing how these documents were necessary to the trial of the case. Finally, Defendant objects to Plaintiff's request for $20.81 for shipping original trial documents to the Court, which Defendant asserts is a non-recoverable expense. Plaintiffs withdraw their request for the $150 witness fee for Mr. Gerlitz. The Court has reviewed Plaintiffs' remaining cost items and finds them all to be proper except for $20.81 in shipping costs. Accordingly, the Court awards Plaintiffs costs in the amount of $5,487.41. *See* Dkt. 134 (Order Taxing Costs).

## C.  PREJUDGMENT INTEREST

Plaintiffs also seek prejudgment interest on the jury's award of $11,049 in the amount of $2,807.04, pursuant to Or. Rev. Stat. § 82.010(1). That statute provides for prejudgment interest on contract actions at nine percent per year on "[a]ll moneys after they become due[.]" Plaintiffs argue that the date from which prejudgment interest begins to run is set by statute, Or. Rev. Stat. § 742.238, which provides: "A fire insurance policy shall contain a provision as follows: The amount of loss for which this company may be liable shall be payable 60 days after proof of loss[.]" Plaintiffs assert that they called their insurer, Defendant, thereby providing proof of loss on December 8, 2012. Sixty days later is February 8, 2013. Defendant responds that prejudgment

interest is not appropriate in this case because neither the amount due nor the date it became due is ascertainable. Dkt. 127 at 15.

"Prejudgment interest reflects the victim's loss due to his inability to use the money for a productive purpose, and is therefore necessary to make the victim whole." *United States v. Gordon*, 393 F.3d 1044, 1059 (9th Cir. 2004) (internal quotation omitted); *see also Wilson v. Smurfit Newsprint Corp.*, 197 Or. App. 648, 674 n.9, 107 P.3d 61, 77 n.9 (2005) (purpose of prejudgment interest is to compensate a party for its loss). Here, the jury found in favor of Plaintiffs on their contract claim of breach of the implied covenant of good faith and fair dealing, and the jury awarded Plaintiffs an amount equal to Plaintiffs' additional living expenses. Plaintiffs, however, failed to present evidence either at trial or in support of their motion for prejudgment interest showing precisely when Plaintiffs incurred those additional living expenses. Plaintiffs essentially ask the Court to assume that these costs for additional living expenses were all incurred by December 8, 2012, the date of the fire. But that makes no sense.

Plaintiffs' theory at trial on its claim of breach of the implied covenant of good faith was, in part, that Defendant's manner of adjusting and processing Plaintiffs' fire claim unnecessarily delayed and obstructed the timely payment of all money that was due to Plaintiffs. This resulted in Plaintiffs having to pay for additional living expenses, which Defendant refused to pay. The jury corrected that wrong. But there is no evidence showing when Plaintiffs incurred those additional living expenses and thus no basis on which the Court may correctly calculate prejudgment interest. Accordingly, Plaintiffs' request for prejudgment interest is denied.

## CONCLUSION

Plaintiffs' Motion for Attorney Fees, Cost Bill, and Prejudgment Interest (Dkt. 119) is GRANTED IN PART AND DENIED IN PART. Plaintiffs are awarded attorney's fees in the

amount of $56,817.63 and costs in the amount of $5,487.41; Plaintiffs, however, are not entitled to recover prejudgment interest.

**IT IS SO ORDERED**.

DATED this 19th day of February, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge